**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50096 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01356-BEN |
| v. | |
| RAFAEL ROLON-RAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 9, 2014[**]

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

Rafael Rolon-Ramos appeals from the district court's judgment and

challenges the 30-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rolon-Ramos contends that the district court procedurally erred by failing to explain the extent of its upward variance from the Guidelines range and why it rejected his argument for a within-Guidelines sentence. Contrary to Rolon-Ramos's argument, we review for plain error because he did not assert these objections in the district court. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010). The district court sufficiently explained the sentence, stating that it had considered the parties' sentencing arguments and that a 30-month sentence was necessary to afford adequate deterrence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Rolon-Ramos also contends that his sentence is substantively unreasonable because the district court failed sufficiently to account for his history and characteristics and the nature and circumstances of the offense, and unreasonably relied on an erroneously calculated prior sentence. The district court did not abuse its discretion in imposing Rolon-Ramos's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, including the need to deter. *See id.*

**AFFIRMED.**

14-50096